UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| ANTHONY SPRADLEY, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | No. IP 98-38-CR-01-M/F |
| | ) | No. 1:08-cv-1234-LJM-JMS |
| UNITED STATES OF AMERICA, | ) | |

### Entry Dismissing Petition for Writ of Audita Querela

A federal inmate seeking to set aside his conviction generally must do so under 28 U.S.C. § 2255. *See Morales v. Bezy,* 499 F.3d 668, 670 (7th Cir. 2007). Anthony Spradley has traveled that path with respect to his conviction for drug and related financial offenses in No. IP 98-38-CR-01-M/F. This occurred in a proceeding assigned to the civil docket as No. 1:04-cv-0055-LJM-WTL, which was dismissed with prejudice just over three years ago on October 5, 2005.

A second or successive petition may only be considered by the sentencing court if the petitioner seeks an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(3); see also 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."). Mr. Spradley has not shown, nor has he even alleged, that he petitioned the Seventh Circuit for an order allowing him to proceed with a second or successive § 2255 petition. Although he presently arrives seeking relief in the form of a writ of audita querela, the requirement of § 2244(3) cannot be avoided by

> inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the petitioner plasters on the cover.

*Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004) (internal citations omitted); *see also Collins v. Holinka,* 510 F.3d 666, 667 (7th Cir. 2007) ("A motion in a criminal case-whether nominally under Fed.R.Crim.P. 33, or bearing an ancient title such as coram vobis or audita querela-may be treated as one under § 2255, because the caption on a document does not matter."); *United States v. Lloyd,* 398 F.3d 978, 980 (7th Cir. 2005) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of

review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." (citing *Melton,* 359 F.3d at 857)).

The above discussion precisely describes the situation with respect to Spradley's *Petition for Writ of Audita Querela*, which must now be dismissed for lack of jurisdiction. The statute on which the resolution of Spradley's *petition* hinges, 28 U.S.C. § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), and has been described as "self-executing." *Nunez v. United States,* 96 F.3d at 991. This means that a district court lacks all jurisdiction over such a matter until permission to file is granted by the Court of Appeals. *Id.*

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/22/2008

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana